## THE STATE *v.* SUT GARDNER.

CRIMINAL LAW. *Lost papers. How supplied.* A lost presentment may be supplied upon satisfactory affidavits independent of the recollection of the judge. *State* v. *Harrison,* 10 Yer., 542, overruled.

### FROM OBION.

Appeal in error from the Circuit Court of Obion county. C. ADEN, J.

State *v.* Gardner.

ATTORNEY-GENERAL LEA for the State.

F. W. MOORE for Gardner.

FREEMAN, J., delivered the opinion of the court.

At March term, 1883, ten presentments were returned, found true bills, into the circuit court for Obion county, against the defendant, Gardner. Capias was issued on all these, and defendant arrested. In August after this the clerk's drawer was broken open, and the presentments all stolen and never recovered.

After this, in open court, the energetic district attorney-general of this district moved the court to supply the lost papers, and tendered the affidavit of the clerk, showing the loss and circumstances attending it, together with his own affidavit, showing the papers by him tendered to supply the loss were clearly the same as the papers stolen. This was shown by the fact that the presentments were printed forms, the same as then in his possession, and the facts as to dates, etc., necessary to be inserted in writing, were taken from the notes found in the grand jury book, together with the memory of the officer, of the facts from information had by him at the time of drawing the papers from the witness on whose testimony they were found. There is no question but the proof of the identity of the matter of the papers was clearly made out.

His Honor, the circuit judge, refused to allow the papers supplied, basing his ruling upon the fact that

from his own statement, found in the record, he had never read the presentments, and therefore could not himself say whether the papers tendered were correct.

The ruling of his Honor is based on the early decision of this court: *The State* v. *Harrison*, 10 Yer., 542. That case is evidently the result of the technical views of our courts at that day, and the theory then prevalent, that all technical objections should be allowed to prevail in favor of the defendant in criminal cases. No such views now prevail, nor would they be in accord with the spirit in which the criminal law is now and should be administered. Judge Turley, in the above opinion, seems also to lay much stress on the danger to the lives and liberties of the citizen. He says: "To establish the principle that a judge might supply a lost indictment upon affidavits of others, independent of his own recollection, would, as we think, be exceedingly dangerous to the lives and liberty of the citizen." We are unable to appreciate at this day the force of this reasoning. When analyzed, it means simply that in a case like this, where the best evidence possible is furnished of the correctness of the supplied papers, it should not be done, because of failure to get the evidence of the judge who would be the party least likely ever to be able to furnish such evidence, who in this case (as it would be found practically in any case) had never read the indictment or present-ment, and who, by the duties of his place is never required or expected to do so. As to the danger to the citizen, that has no better support in reason. What forcible difference it can make to an innocent

man whether the proof of his innocence be presented to a jury, upon an original or copy of a presentment, is to us unseen. If he be guilty, then he deserves to be convicted, no wrong is done him, and the law is vindicated. Happily such views have all passed away.

The plain principle of the common law and of sound reason should apply in a criminal case as well as in civil cases, that is, when the papers are lost, they shall be carefully and accurately supplied, by satisfactory evidence of their loss and their contents.

While we have no doubt the law is as we have stated, and the papers were properly offered to be supplied in this case under the rules of the common law, we think, a fair construction of the act of 1847–8, sec. 3907, of the Code would include this as well as civil causes. It is: "any record, proceeding or paper filed in any action at law or equity, if lost or mislaid unintentionally, or fraudulently made away with, may be supplied upon application, under the orders of the court, by the best evidence the nature of the case will admit of." This may well be held to be a criminal action pending at law against defendant, under the definition of Bacon, who says actions are either criminal or civil—criminal are either where judgment of death, as appeals of death or robbery, or only to have a fine for the king or imprisonment: See Bacon Abridged of Vol. 1, 63.

A more liberal rule in fact might well be adopted in criminal cases like the present, where no other papers seem to have been stolen, because the grave sus-

picion must be indulged that in such a case the defendant has been the party guilty of the abstraction, or was in some way actively connected with it—he the only party who has the slightest interest in the destruction of the papers. To hold that the papers could only be supplied from the memory of the judge is practically to hold that they could not be supplied at all, and thus hold out an inducement to parties prosecuted to surreptitiously obtain and destroy the papers, and thus avoid the penalty of the law. Still more, the higher the crime or the heavier the penalty likely to be incurred, the greater the temptation, and so the evil tendency of the view is still more intensified in criminal cases.

For these reasons we overrule the case in 10 Yer., and hold the court erred in not permitting the papers supplied. The case will be remanded to be proceeded in under this opinion.