STATE v. MALETHA CODY.

*Fornication and Adultery—Criminal Intent—Indictment—Special Verdict.*

1. In an indictment for fornication and adultery, the State is not required to prove criminal intent. The intent is inferred from the facts proved of habitual sexual intercourse between persons unmarried; and any extenuating circumstances must be shown by the defendant.

2. When in such indictment the jury returned a special verdict, finding that the defendant was married to one G., who had living at that time another wife, but that they did not know whether she knew of this fact or not: *Held*, that there should have been a verdict of guilty, since it was incumbent on the defendant to show that she did not know of it.

This was an INDICTMENT for fornication and adultery, tried at the Fall Term, 1892, of GRAHAM Superior Court, before *Bynum, J.*

The jury returned a special verdict, finding, among other things, that the defendant Martha Cody was married to one Joseph Green, he at that time being the husband of another woman, and that they did not know whether Martha Cody

knew of the existence of such former marriage or not. Upon this verdict the Court adjudged the defendant not guilty, and the Solicitor appealed.

. *The Attorney General,* for the State.
No counsel for defendant.

CLARK, J.: In *State* v. *Cutshall,* 109 N. C., 764, it is said " the fact is not to be lost sight of that in an indictment for fornication and adultery, the State is not called on to prove a criminal intent. The case is made out when it is shown that a man and a woman, not being married to each other, habitually engaged in sexual intercourse. That this is ' lewd and lascivious ' is not required to be shown, but it is an inference of law from the facts proved, as with ' malice' in indictments for homicide, even though in the latter case an intent must be charged. As to this offence (fornication and adultery) no intent is required to be charged or proved." In the case quoted, as in the one now before us, the male defendant had gone through a form of marriage with the female defendant which was a nullity, because his lawful wife was living. The Court go on in Cutshall's case, *supra,* to say : " Either party may avoid such legal conclusions by showing that he (or she) was insane, idiotic, or ignorant of the facts. But such want of intent cannot enure to the benefit of the other party who had the intent."

In the present instance, it is found by the special verdict that the *feme* defendant was living for months in illicit sexual intercourse with another woman's husband. The State has proven all that was incumbent on it to show the defendant's guilt. She has not withdrawn herself from liability for such conduct either by showing that she was insane, idiotic, or that, without fault on her part, she was ignorant that the man was married to another. The jury say that they are left in ignorance on that point. There is, therefore, nothing shown

which withdraws the woman from the criminal responsibility which arises from the finding that she lived for several months in sexual intercourse with a man to whom she was not legally married.

Upon the special facts, found a verdict of guilty should have been entered. The case will be remanded that it may be so entered by the Court below.

When this action was tried below, we presume that his Honor did not have "*State* v. *Cutshall*" before him.

PER CURIAM.                                   Reversed.