STATE v. WALTER McDRAUGHON.

(Filed 21 October, 1914.)

1. Appeal and Error—Indictment—Omission from Record—Presumptions—Duty of Appellant—Motion to Dismiss.

   Where an appeal is taken from the refusal of the trial court of the defendant's motion to quash an indictment, an inspection of the indictment is necessary for the Supreme Court to pass upon the question presented; and where it has not been sent up, the presumption being in favor of the correctness of the judgment appealed from, the burden is on the appellant to show error, and ordinarily the appeal will be dismissed upon motion of the appellee in the Supreme Court.

2. Appeal and Error—Indictment—Omission from Record—Power of Courts—Motion to Supply—Certiorari—Procedure.

   Where an appeal is taken to the refusal of the trial court to quash an indictment, it is the duty of the appellant to see that a transcript of the indictment appears in the record; and when it does not so appear he

should apply to the Superior Court to supply it, if one convenes in time; and if not, he should send to the Supreme Court as much of the record as could be procured, and apply here for a *certiorari* to give him opportunity to move in the court below.

### 3. Appeal and Error—Power of Courts—Indictment—Omissions.

The Superior Court has power to supply, by copy, an indictment necessary to be set out in the record in a criminal case on appeal to the Supreme Court which has been lost accidentally or otherwise, upon motion of appellant, based upon affidavits.

Appeal by defendant from *Whedbee, J.,* at February Term, 1914, of Sampson.

This is a motion to dismiss the appeal because of the insufficiency of the transcript.

The defendant was tried in the Superior Court upon an indictment duly found, and upon conviction was sentenced to serve eight months upon the county roads. Since the trial the bill of indictment has been lost, without fault, so far as the record discloses, upon the part of the defendant, and therefore is not a part of the transcript. The defendant has not made any effort to have the indictment supplied in the Superior Court, nor has he moved here for a *certiorari.*

There was a motion to quash the indictment, which was overruled, and there are certain exceptions to the charge of the court appearing in the case on appeal.

*Attorney-General Bickett for the State.*
*J. D. Kerr, Sr., for defendant.*

Allen, J. An inspection of the indictment is necessary in the consideration of the motion to quash, and also in order that we may pass upon the pertinency of the exceptions to the charge, and the question is therefore presented, upon the motion to dismiss, as to whose duty it is to supply the defect in the transcript.

In cases of this character the jurisdiction of this Court is not original, but appellate, and we are confined to the alleged errors in the case on appeal or those appearing on the face of the transcript of the record.

The presumption is that the judgment of the Superior Court is correct, and the burden is on the appellant to show errors. As far back as *S. v. Butts,* 91 N. C., 524, the requisites of the transcript were pointed out, and in *S. v. Frizzell,* 111 N. C., 725, the Court said: "An appellant does not do his duty by simply taking an appeal and leaving it to the clerk to send up what he may deem necessary. It is the appellant's duty to see that the record is properly and sufficiently made up and transmitted. Hereafter the Court will dismiss the appeal or affirm the judgment, as the case may be, when the record is defective in any material

particular, in all cases in which the Attorney-General, or the opposite party (in civil cases), sees proper to make such motion, unless sufficient excuse for the apparent laches is shown." And again, in *S. v. May*, 118 N. C., 1205: "The transcript fails to show that the court was held by a judge at the time and place required by law; that a grand jury was drawn, sworn, and charged, and presented the indictment; and there are other defects. It is the duty of the appellant to have the record sent up, and when it is in such condition as above stated, usually the Court will dismiss the appeal, unless it is shown that the appellant is guilty of no laches; otherwise, the appellant could always obtain six months delay by simply failing to have a sufficient record sent up."

It therefore appears to be well settled that it was the duty of the defendant to see that the indictment was a part of the transcript, and if lost, he ought to have applied to the Superior Court to supply it, or if no court convened in the county of Sampson prior to the time of docketing the transcript here, he ought to have sent to this Court as much of the record as could be procured, and then applied to this Court for a *certiorari*, in order to give him an opportunity to move in the Superior Court. He has done neither, and has offered no excuse for his laches.

The power of the Court to supply an indictment which has been lost accidentally or otherwise upon motion based upon affidavits is simply the power to make the record speak the truth, which is inherent in courts of common-law jurisdiction. The refusal to exercise this power would encourage negligence in the custodian of papers and criminality in those interested in abstracting the indictment from the files.

If a judgment in a civil action is lost before being recorded, it may be supplied in this way, and there is no special sanctity about an indictment which exempts it from the rule prevailing as to other parts of a record. In *Mount v. State*, 14 Ohio, 295, the Court says:

"It was not indispensable to the sentence that the original indictment should be before the Court. If lost or destroyed by accident, or by the fraud or design of the plaintiff in error, or stolen by him or another, and the prosecution were not in fault, its place might have been supplied by a copy like any other record or pleading," and this was cited with approval in *S. v. Rivers*, 58 Iowa, 102; *S. v. Strayer*, 5 W. Va., 676; *Bradford v. State*, 54 Ala., 230, holding that the Court may order the substitution of an indictment which has been lost. In *S. v. Gardner*, 81 Tenn., 137, the Court says: "The plain principle of the common law and of sound reason should apply to a criminal case as well as in civil cases, that is, when the papers are lost they shall be carefully and accurately supplied, by satisfactory evidence of their loss and their contents."

And to the same effect, Clark's Crim. Procedure, sec. 430, and the same doctrine was applied to informations in *Klein v. State,* 157 Ind., 152; *Long v. People,* 135 Ill., 436, and was recognized in *People v. Dennis,* 69 Am. Dec., 341; *S. v. Simpson,* 67 Mo., 647.

The motion to dismiss is, therefore, allowed, and

Appeal dismissed.