### STATE v. BEATRICE SIMMERSON.

#### (Filed 13 April, 1932.)

**Criminal Law L d—Appeal in this case is dismissed for insufficiency of the record.**

Where a certified copy of the record proper has not been filed on appeal in a criminal action, the transcript containing only a statement of case on appeal accepted by the solicitor, which fails to contain the indictment or to show that the trial court had jurisdiction, the appeal will be dismissed, Rule 19, no motion for *certiorari* having been made and the Supreme Court not ordering the writ to issue in its discretion.

APPEAL by defendant from *Harwood, Special Judge,* at December Term, 1931, of FORSYTH. Appeal dismissed.

The defendant was tried and convicted in the Superior Court of Forsyth County of having intoxicating liquor in her possession, in violation of the statute. N. C. Code of 1931, section 3411(b).

From the judgment on such conviction, defendant appealed to the Supreme Court, assigning errors in the trial.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Wallace & Wall for defendant.*

CONNOR, J. A certified copy of the record proper in this action has not been filed in this Court, as required by its rules. Rule 19. The transcript contains only a statement of the case on appeal prepared by counsel for the defendant, and accepted by the solicitor for the State. No indictment appears therein; nor does it appear that the defendant was tried and convicted on a warrant issued by an inferior court, and that she appealed from the judgment of such court to the Superior Court. There is nothing in the transcript which shows that the Superior Court of Forsyth County had jurisdiction of the action.

In *S. v. McDraughon*, 168 N. C., 131, 83 S. E., 181, it is said: "The presumption is that the judgment of the Superior Court is correct, and the burden is on the appellant to show error. As far back as *S. v. Butts*, 91 N. C., 524, the requisites of the transcript were pointed out, and in *S. v. Frizell*, 111 N. C., 725, the Court said: 'An appellant does not do his duty by simply taking an appeal and leaving it to the clerk to send up what he may deem necessary. It is the appellant's duty to see that the record is properly and sufficiently made up and transmitted.'"

There is no motion for *certiorari* in this appeal, and in the exercise of our discretion, we do not order that such writ issue in this case. The appeal is dismissed. *Pruitt v. Wood*, 199 N. C., 788, 156 S. E., 126.

Appeal dismissed.