STATE v. CLYDE FERRELL.

(Filed 10 January, 1934.)

1. **Criminal Law E a—Asking of questions on arraignment by solicitor is not ground for objection where court is present and directs proceedings.**

   An arraignment in a criminal action is but the calling of the defendant to the bar of the court to answer the matter charged in the bill of indictment, and where the questions are asked by the solicitor in the presence of the judge with his consent and under his direction, the arraignment is not void on the ground that the questioning should have been conducted by the judge directly or by the clerk of the court.

2. **Homicide G e—Evidence of defendant's guilt of murder in the first degree held sufficient to be submitted to the jury.**

   Evidence tending to show that the defendant on trial for a homicide drove to a filling station at night with two others for the purpose of robbery, that defendant waited outside in the car while his companions went into the filling station and held up the proprietor at the point of pistols, that deceased was with the proprietor in the building, that the proprietor dodged and went into an adjoining room, armed himself with a pistol and shot gun, and pointed the pistol at his assailants through a crack in the door, whereupon the two robbers ran out, and that deceased was then killed by a shot from a gun fired from the outside, and that after the firing of the fatal shot, the proprietor ran to the window and fired his gun after the automobile in which the robbers were fleeing, *is held* sufficient to be submitted to the jury on the question of defendant's guilt of murder in the first degree. C. S., 4200.

3. **Criminal Law G b—Evidence of guilt of other crimes may be competent to establish identity and guilty knowledge.**

   While ordinarily evidence of the commission by the defendant of offenses separate and distinct from the one on which he is being tried is incompetent, such evidence may be competent when it tends to show and is admitted for the purpose of showing defendant's guilty knowledge or for the purpose of identification, and in this case, in which defendant was charged with murder in an attempted robbery of a filling station to

which defendant had driven in a car with certain companions identified as perpetrators of the attempted robbery, evidence that defendant had been riding around with the same companions and that they had committed several robberies, is held competent to show defendant's knowledge of the purpose of robbery and to establish his identity as the driver of the car.

4. **Homicide H c—Court need not instruct jury as to lesser degrees of crime when all evidence shows that crime was first degree murder.**

Where upon the trial for murder all the evidence tends to show that if the defendant is guilty, he is guilty of the crime of murder in the first degree, the failure of the trial court to charge upon the law of murder in the second degree or manslaughter is not error. C. S., 4640.

APPEAL by defendant from *Barnhill, J.,* at March Term, 1933, of DURHAM. No error.

At March Term, 1933, of the Superior Court of Durham County an indictment was returned by the grand jury as follows:

"The jurors for the State upon their oath present that Clyde Ferrell, A. G. Ferguson and Bill Sawyer, late of Durham County, on 2 March, 1933, each, with force and arms, at and in said county, feloniously, wilfully and of his malice aforethought, did kill and murder one Thaddeus Tilley contrary to the form of the statute in such case made and provided and against the peace and dignity of the State."

Upon their arraignment on said indictment, the defendants named therein, each, entered a plea of not guilty. Thereafter, pending the trial, and before the introduction of evidence, A. G. Ferguson and Bill Sawyer, with the consent of the court, withdrew their pleas of not guilty, and entered, each, a plea of guilty of being an accessory before the fact to the murder charged in the indictment, as defined by C. S., 4175.

The trial proceeded thereafter as to the defendant, Clyde Ferrell. There was a verdict that said defendant is guilty of murder in the first degree.

From judgment that the defendant, Clyde Ferrell, suffer death as prescribed by statute (C. S., 4657, *et seq.*), the said defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Bruton for the State.*

*A. A. McDonald, M. M. Leggett, H. E. Murphy, McLendon & Hedrick and W. S. Lockhart for defendant.*

CONNOR, J. When the defendants named in the indictment on which this action was prosecuted were called to the bar of the court for their arraignment, the solicitor for the State, in behalf and with the approval of the judge, propounded to the defendants questions as to their pleas

21—205

in accordance with the forms and procedure which have been from time immemorial and are now in general use in this State. On his appeal to this Court, the defendant, Clyde Ferrell, contends that his arraignment was void because the questions were propounded to him by the solicitor and not by the judge or by the clerk of the court. This contention cannot be sustained. "An arraignment," says *Lord Hale,* "is nothing but the calling of the offender to the bar of the court to answer the matter charged against him by indictment or by appeal." It is immaterial that the defendant was arraigned by the solicitor. The record shows that the arraignment was in open court, under the immediate supervision of the judge, and that the defendant entered his plea of not guilty under the advice of counsel. This was sufficient.

The evidence introduced by the State at the trial tended to show that on the night of 2 March, 1933—at about 9:15 o'clock—a Ford sedan in which three men were riding, stopped in front of a filling station located on a State highway in the northern section of Durham County, about 12 miles from the city of Durham. The three men riding in the automobile were Clyde Ferrell, A. G. Ferguson and Bill Sawyer. Ferguson and Sawyer got out of the automobile, and went into the filling station. Clyde Ferrell, who was the driver of the automobile, remained in his seat. Both Ferguson and Sawyer went into the filling station, and after making some purchases from the proprietor, Isaac Terry, drew their pistols, and pointing them at Terry, ordered him to "stick 'em up." At this time Thaddeus Tilley, the deceased, and James Terry, the ten-year-old son of Isaac Terry, were in the filling station. When Ferguson and Sawyer pointed their pistols at him, Isaac Terry ran behind a counter, to a door opening into a small room adjoining the filling station, and got his pistol and a gun. He pointed his pistol, through a crack in the door, at the two men in the filling station. They darted to the door at the entrance to the filling station. A shot was then fired from outside the filling station, and thereupon Isaac Terry went to a window in the filling station, and fired at the fleeing automobile with his gun. Ferguson and Sawyer, after they ran from the filling station, got into the automobile, and were driven away rapidly by the defendant, Clyde Ferrell. The next day Clyde Ferrell, A. G. Ferguson and Bill Sawyer were arrested in the city of Durham. There was evidence tending to show that the defendant, Clyde Ferrell, A. G. Ferguson and Bill Sawyer were well acquainted with each other, that they had stolen a Ford sedan which they found on a street in the city of Durham, a few nights before the homicide, and that they had committed several robberies while riding about the country in a Ford sedan. All the evidence showed that the defendant, Clyde Ferrell, was driving the automobile at the time these robberies were committed. A. G. Ferguson

and Bill Sawyer were riding in the automobile. Neither of them was driving it.

Evidence introduced by the defendant, Clyde Ferrell, tended to show, and if believed by the jury, did show that he was not in the automobile at the time of the homicide, but was at his boarding-house in the city of Durham. There was also evidence tending to show that the shot which struck and killed the deceased was not fired from the automobile which was standing in front of the filling station at the time of the homicide.

The death of the deceased was the result of a wound on his head inflicted by a shot gun. There was no evidence tending to show that A. G. Ferguson or Bill Sawyer fired his pistol inside the filling station, or that Isaac Terry fired his shot gun until he went to the window, and there fired at the fleeing automobile. All the evidence shows that the deceased, Thaddeus Tilley, was shot and killed while he was in the filling station, and before Isaac Terry fired his gun through the window.

The evidence was properly submitted to the jury. The contention of the defendant that there was error in the refusal of his motion at the close of all the evidence for judgment dismissing the action, cannot be sustained.

None of the defendant's numerous exceptions to rulings of the trial court upon his objections to the admission or rejection of evidence at the trial can be sustained. The evidence tending to show that the defendant was present at, and, with A. G. Ferguson and Bill Sawyer, participated in the commission of robberies prior to the homicide was not only relevant, but was also competent, as tending to identify the defendant as the man who was driving the Ford sedan when it stopped in front of the filling station, and who was sitting in the sedan at the time the fatal shot was fired from outside the filling station, as contended by the State. This evidence was competent also as tending to show that the third man in the party which stopped in front of the filling station knew the unlawful purpose of A. G. Ferguson and Bill Sawyer when they got out of the automobile and went into the filling station. The evidence comes within the exceptions to rule of law which excludes evidence of the commission by the defendant in a criminal action of crimes other than for which he is on trial. *S. v. Griffith,* 185 N. C., 756, 117 S. E., 586; *S. v. McCall,* 131 N. C., 798, 42 S. E., 894; *S. v. Frazier,* 118 N. C., 1257, 24 S. E., 520. In *S. v. Frazier,* it is said: "This Court in *S. v. Jeffries,* 117 N. C., 727, said: 'There are some few exceptions to the almost universal rule of law that evidence of a distinct substantive offense cannot be admitted in support of another offense.' The exceptions to the rule are to be found in those cases in which testimony concerning independent offenses has been admitted because of the necessity of proving the *quo animo,* or the guilty knowledge of the defendant and also for purposes of identification of the defendant."

None of the defendant's numerous exceptions to the charge of the court to the jury can be sustained. The charge was full, clear, and correctly applied the law to the facts as the evidence, both for the State and for the defendant, respectively, tended to show. All the evidence showed that the homicide, if committed by the man who sat in the automobile parked in front of the filling station, was murder in the first degree. There was no evidence tending to show that the homicide, if unlawful, was murder in the second degree or manslaughter. For this reason C. S., 4640, was not applicable, and there was no error in the failure of the court to instruct the jury that they could return a verdict of guilty of murder in the second degree or manslaughter. *S. v. Jackson,* 199 N. C., 321, 154 S. E., 402.

There was no error in the trial of this action in the Superior Court. The judgment is affirmed.

No error.