STATE v. GORDON CURRIE, JAKE NELMS, JR., JESSE WILLIS AND RUSSELL SPOONER.

(Filed 23 May, 1934.)

1. **Criminal Law L d—Indictment is necessary part of record in criminal cases.**

On appeal the indictment is a necessary part of the record proper in criminal cases, and a statement in the record signed by the solicitor and defendant's counsel that the indictment had disappeared from the papers but that a proper indictment was in the record at the time of trial cannot supply the deficiency, it being necessary that defendant apply to the Superior Court for an order that a copy be supplied if the indictment is lost.

2. **Same—**

Assignments of error should include the exceptions on which they are founded, and it is not sufficient if they merely refer to the exceptions as they appear in the case on appeal.

APPEAL by defendants from *Cranmer, J.,* at November Term, 1933, of NEW HANOVER. Dismissed.

*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Bruton for the State.*

*L. Clayton Grant and W. L. Farmer for defendants.*

PER CURIAM. This is a criminal action tried in the Superior Court of New Hanover County. The defendants were convicted by the jury and appealed to this Court from the judgment of said court. The record proper filed in this Court is fatally defective, for the reason (1) that no indictment appears therein; and (2) that the assignments of error appearing in the case on appeal are not in compliance with the rules of this Court.

There is a statement in the record, signed by the Solicitor for the State and counsel for defendants, to the effect that since the trial of

the action, the papers in the case have disappeared from the office of the clerk of the Superior Court, and cannot be found, but that an indictment in due form charging the defendants with conspiracy and robbery was in the record at the time of the trial. This statement is not sufficient. It was the duty of the defendants to see that the indictment appeared in the record, or if lost, to apply to the Superior Court for an order that a copy be supplied. See *S. v. McDraughon,* 168 N. C., 131, 83 S. E., 181.

The assignments of error are defective for the reason that they do not include the exceptions on which they are founded. It is not sufficient merely to refer to the exceptions as they appear in the case on appeal. Rule 19(3).

The appeal is dismissed on the authority of *Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126.

Dismissed.