STATE v. BASCOM G. GREEN AND LESTER GREEN.

(Filed 21 November, 1934.)

**1. Homicide B a—**

> Where a conspiracy is formed to rob a bank, and murder is committed by one of the conspirators in the attempt to perpetrate the crime, each conspirator is guilty of murder in the first degree, C. S., 4200, and it is immaterial which one of them fired the fatal shot.

**2. Criminal Law H a—**

Where the testimony of a defendant at the trial amounts to a confession of the crime charged, and is sufficient for conviction of both defendants, the refusal of a motion for continuance cannot be held for error, since a continuance would have availed defendants naught.

**3. Same—**

A motion for continuance is addressed to the sound discretion of the trial court.

**4. Indictment B d—**

It is not error for the trial court to refuse a separate trial on each of two counts in an indictment charging defendants with conspiracy to rob and with murder committed in the attempt to perpetrate the robbery. C. S., 4622.

**5. Homicide H f—**

Where the jury convicts a defendant of murder in the first degree, the court must disregard the jury's recommendation of mercy.

APPEAL by defendants from *Warlick, J.,* at February Term, 1934, of ALEXANDER.

Criminal prosecution, tried upon indictment charging the defendants B. G. Green and Lester Green, and two others, in one count, with conspiracy to rob the Merchants and Farmers Bank of Taylorsville, and, in a second count, with the murder of T. C. Barnes, committed in the attempted perpetration of said robbery.

The State's evidence tends to show a conspiracy on the part of Mike Stefanoff and B. G. Green, and the latter's son, Lester Green, and son-in-law, R. E. Black, to rob the Merchants and Farmers Bank of Taylorsville on Saturday, 29 July, 1933, which was attended with fatal consequences to the cashier, T. C. Barnes, and serious injury to the assistant cashier. All four entered the bank, not together, but two at the time, according to design, and "the shot fired by Lester Green hit Mr. Barnes." Barnes died the following day.

Stefanoff and Black were apprehended, tried and convicted (*S. v. Stefanoff and Black,* 206 N. C., 443), while the two Greens fled the vicinity, going first to High Point, then into a number of states, and finally into Tennessee, where they were arrested on 17 February, 1934. Both confessed while in jail.

The bill of indictment was returned at the September Term, 1933. The defendants were arraigned on 19 February, 1934, the first day of the term, and the trial set for Wednesday, 21 February.

Motions for continuance and change of venue overruled; exception. Jury ordered from adjoining county. C. S., 473.

Defendants moved for a severance of the two counts in the bill of indictment. Overruled; exception.

The defendant B. G. Green was offered as a witness on behalf of himself and Lester Green, and testified in substance as follows: We went in the bank. Black and Stefanoff went in first and I was right next to Black and my boy behind me. . . . Stefanoff walked up to the window with a quarter or half-dollar and told Mr. Barnes (the cashier) he wanted it changed. Mr. Barnes did like he was going to get some change and walked back. Stefanoff commenced shooting. He must have shot Barnes five or six times. He was shooting with an automatic. . . . Yes, I had a gun. We went in to get the money. Stefanoff was to hold up the cashier; Black was to take care of the other man (Mr. Little, the assistant cashier); I was to watch the front door; Lester was to take the money. That was agreed upon down at High Point. . . . That is right. Me and my son and Black and Stefanoff had all agreed to come up here and rob this bank. . . . Lester didn't want to come. . . . Stefanoff said fifteen or sixteen thousand dollars was coming in on Saturday and we would rob it on that day. That is what he said. He said he knew all about it. Lester did not have a gun. He was to pick up the money and put it in a sack. Black and Stefanoff and I were the ones that had the guns. . . . I shot Mr. Little because he looked like he was going to turn to shoot my boy. . . . We ran out without getting the money. . . . Yes, I came back to tell the truth.

Verdict as to B. G. Green: "Guilty of murder in the first degree."

Verdict as to Lester Green: "Guilty of murder in the first degree, and we ask the mercy of the court."

Judgment as to each defendant: "Death by electrocution."

The defendants appeal, assigning errors.

*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Bruton for the State.*

*J. Archie Myatt for defendants.*

STACY, C. J., after stating the case: In view of the defendant's own testimony, which amounts to a confession of guilt, it would seem the questions sought to be presented are academic. The evidence offered by the State tends to show that Lester Green fired the fatal shot, while the defendants say Mike Stefanoff was the actual killer. The difference is not material on the present record.

When a conspiracy is formed, as here, to rob a bank, and a murder is committed by any one of the conspirators in the attempted perpetration of the robbery, each and all of them are guilty of the murder. *S. v. Stefanoff,* 206 N. C., 443; *S. v. Bell,* 205 N. C., 225, 171 S. E., 50. It is provided by C. S., 4200, that a murder "which shall be committed in

the perpetration or attempt to perpetrate any . . . robbery, burglary, or other felony, shall be deemed to be murder in the first degree." *S. v. Satterfield, ante,* 118; *S. v. Donnell,* 202 N. C., 782, 164 S. E., 352; *S. v. Miller,* 197 N. C., 445, 149 S. E., 590; *S. v. Logan,* 161 N. C., 235, 76 S. E., 1. The record discloses no evidence of a lesser degree of homicide. *S. v. Spivey,* 151 N. C., 676, 65 S. E., 995; *S. v. Ferrell,* 205 N. C., 640, 172 S. E., 186; *S. v. Myers,* 202 N. C., 351, 162 S. E., 764.

In the light of the confession made on the witness stand, a continuance would have availed the defendants naught. *S. v. Keeter,* 206 N. C., 482. Furthermore, this was a matter resting in the sound discretion of the trial court. *S. v. Whitfield,* 206 N. C., 696.

Nor was it error to refuse the defendants a separate trial on each count in the bill. C. S., 4622; *S. v. Stephens,* 170 N. C., 745, 87 S. E., 131. Indeed, the attempted robbery and murder having arisen out of the same conspiracy, a separate trial on one of the counts in the bill might have precluded a subsequent prosecution on the other. *S. v. Clemmons, ante,* 276; *S. v. Bell, supra.*

The jury's recommendation of mercy for Lester Green, evidently made in recognition of his hesitancy to enter the conspiracy, was properly disregarded as surplusage. *S. v. Matthews,* 191 N. C., 378, 131 S. E., 743; *S. v. Hancock,* 151 N. C., 699, 66 S. E., 137.

No vitiating error having been made to appear, the verdict and judgment will be upheld.

No error.