STATE v. ARTHUR GOSNELL, ORIES GUNTER, AND ROBERT THOMAS.

(Filed 18 September, 1935.)

1. **Indictment A b—Motion to quash for that grand juror was not resident of the county held properly overruled upon court's findings.**

Defendants move to quash the bill of indictment for that a member of the grand jury which returned the bill was not a resident of the county. Upon a hearing duly had, the trial court found from the evidence that at the time of serving the juror was a resident of the county, and overruled

the motion. *Held:* The court's ruling was without error and is directly supported by *S. v. Vick*, 132 N. C., 995.

**2. Same: Public Officers B c—Objection that jury commission was not competent for that members held other offices held untenable.**

Defendants moved to quash the bill of indictment for that the members of the jury commission which drew the grand jury was not competent to act, since the act creating the jury commission provided that persons holding county offices should also serve on the commission. The trial court overruled the motion. *Held:* The court's ruling is without error and is supported by *McCullers v. Comrs.*, 158 N. C., 75.

**3. Criminal Law L d—Questions discussed in briefs held not supported by the record and were not properly presented for review.**

The record failed to show that the grand jury was drawn by the jury commission, as contended, or that the grand jury was impaneled. *Held:* The competency of the jury commission and the alleged disqualification of a grand juror, discussed in appellant's brief, were not properly presented for review, it being the duty of appellants to see that the record is properly made up and transmitted to the Supreme Court.

**4. Criminal Law G l—**

Where the trial court duly hears the evidence *pro* and *con* as to the competency of alleged confessions, and rules that they are voluntary and competent, and there is abundant evidence to support its findings, the court's rulings as to their competency will not be disturbed on appeal.

**5. Same—**

Voluntary confessions are admissible in evidence against the party making them, but involuntary confessions are inadmissible, and a confession is voluntary in law when, and only when, it is in fact voluntarily made.

**6. Criminal Law B c—**

Defendant's plea of insanity *held* determined adversely to defendant by the jury upon the evidence submitted by defendant.

**7. Homicide G d—**

Evidence of conspiracy among defendants to rob the deceased is competent under the general allegation of premeditation, and it need not be supported by an allegation that the murder was committed in the perpetration of a robbery, previously designed.

**8. Criminal Law C a—**

When two or more persons aid and abet each other in the commission of a crime, all being present, all are principals and equally guilty without regard to any previous confederation or design.

**9. Homicide H c: Criminal Law I l—**

Where all the evidence is to the effect that the murder was committed in the perpetration of a robbery, it is not error for the court to limit the jury to a verdict of guilty of murder in the first degree or not guilty. C. S., 4200.

APPEAL by defendants from *Warlick, J.,* at February Term, 1935, of MADISON.

Criminal prosecution, tried upon indictment charging the defendants with the murder of one William Thomas.

The evidence on behalf of the State tends to show that on the morning of 15 February, 1935, about the hour of dawn, the defendants, pursuant to design previously formed, waylaid William Thomas, an elderly merchant of Madison County, as he was going along his customary route from his sleeping quarters to his daughter's home for breakfast, struck him over the head with an automobile "iron tire tool," robbed him, dragged his body to an adjacent field and left him to die, which he did in a short time thereafter. All the evidence tends to show that the defendant Arthur Gosnell struck the fatal blows. The other defendants were present, however, aiding and abetting, and they all shared in the booty and participated in the robbery.

While in jail, awaiting trial, each defendant signed a written confession giving his version of the crime. They were all to the same effect. The competency of these confessions was challenged by objections duly entered. After a full preliminary hearing, the court ruled that they were voluntarily made, and admitted them in evidence. Exceptions.

The defendant Ories Gunter took the witness stand in his own behalf, and, on cross-examination, corroborated the State's case in all of its essential particulars.

In addition to pleading not guilty, the defendant Arthur Gosnell entered a plea of mental irresponsibility or insanity. He did not testify as a witness in his own behalf. Nor did Robert Thomas go upon the witness stand.

The court instructed the jury that only one of two verdicts—murder in the first degree or not guilty—might be returned under the evidence in the case. Exception.

Verdict: "Guilty of murder in the first degree as to all of the defendants."

Judgment as to each defendant: Death by electrocution.

The defendants appeal, assigning errors.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

*John A. Hendricks, Mack Ramsey, and Carl Stewart for defendants.*

STACY, C. J. There was a motion to quash the bill of indictment on the alleged ground that the grand jury, which returned the true bill, was drawn by a jury commission not competent to act, and a nonresident of the county was allowed to serve on the grand jury. *S. v. Wilcox,* 104 N. C., 847, 10 S. E., 453. Upon a hearing, duly had, the facts were found against the defendants on their motion to quash and with respect

to the legality of the grand jury. In this there was no error. The two rulings are directly supported by the decisions in *S. v. Vick,* 132 N. C., 995, 43 S. E., 626, and *McCullers v. Comrs.,* 158 N. C., 75, 73 S. E., 816.

Moreover, the questions are not properly before us. It nowhere appears on the record that a grand jury was impaneled, or that it duly returned the bill of indictment upon which the defendants were convicted. Indeed, the record fails to show that a petit jury was sworn and impaneled to try the defendants. Why debate the competency of the jury commission or the alleged disqualification of a grand juror, when it does not appear that the jurors were drawn by the commission, or that a grand jury was impaneled? These were matters devolving upon the appellants. *S. v. Golden,* 203 N. C., 440, 166 S. E., 311. It is the duty of appellants to see that the record is properly made up and transmitted to the Supreme Court. *Payne v. Brown,* 205 N. C., 785, 172 S. E., 348; *S. v. Frizell,* 111 N. C., 722, 16 S. E., 409; *S. v. Currie,* 206 N. C., 598, 174 S. E., 447; *S. v. McDraughon,* 168 N. C., 131, 83 S. E., 181.

The holding in *Spence v. Tapscott,* 92 N. C., 576 (as stated in first headnote), was that: "In order for the Supreme Court to acquire jurisdiction, it must appear in the transcript of the record that an action was instituted, that proceedings were had and a judgment rendered from which an appeal could be taken, and that an appeal was taken from such judgment." See, also, *Weaver v. Hampton,* 206 N. C., 741, 175 S. E., 110, and *S. v. Stafford,* 203 N. C., 601, 166 S. E., 734.

In view of the testimony given on trial by the defendant Gunter, which amounts to a confession of guilt, and inculpates the other defendants, it would seem supererogatory to discuss the alleged involuntariness of the confessions previously made by the defendants. *S. v. Green,* 207 N. C., 369, 177 S. E., 120. The trial court, after hearing the evidence *pro* and *con,* according to the procedure pointed out in *S. v. Whitener,* 191 N. C., 659, 132 S. E., 603, ruled that the confessions were voluntary, and admitted them in evidence. There was abundant evidence to support the findings. No error appears in these rulings. *S. v. Whitener, supra; S. v. Gray,* 192 N. C., 594, 135 S. E., 535.

A free and voluntary confession is deserving of the highest credit, because it is presumed to flow from the strongest sense of guilt, but a confession wrung from the mind by the flattery of hope, or by the torture of fear, comes in such questionable shape as to merit no consideration. *S. v. Patrick,* 48 N. C., 443.

Speaking to the subject in *S. v. Roberts,* 12 N. C., 259, *Henderson, J.,* said: "Confessions are either voluntary or involuntary. They are called voluntary when made neither under the influence of hope or fear, but are attributable to that love of truth which predominates in the breast of

every man, not operated upon by other motives more powerful with him, and which, it is said, in the perfectly good man cannot be countervailed. These confessions are the highest evidences of truth, even in cases affecting life. But it is said, and said with truth, that confessions induced by hope or extorted by fear are, of all kinds of evidence, the least to be relied on, and are therefore entirely to be rejected."

Voluntary confessions are admissible in evidence against the party making them; involuntary confessions are not. A confession is voluntary in law when—and only when—it was in fact voluntarily made. *S. v. Newsome,* 195 N. C., 552, 143 S. E., 187.

The evidence of the defendant Gosnell, tending to support his plea of insanity, was submitted to the jury and rejected by them, or found to be unsatisfactory. *S. v. Jones,* 203 N. C., 374, 166 S. E., 163. The prisoner is in no position to complain at the action of the court in this respect, for his own witnesses were somewhat equivocal in their testimony as to his alleged mental irresponsibility. *S. v. Walker,* 193 N. C., 489, 137 S. E., 429.

It was not necessary to allege that the murder was committed in the perpetration of a robbery, previously designed, in order to show the conspiracy. *S. v. Donnell,* 202 N. C., 782, 164 S. E., 352. The evidence was competent under the general allegation of a premeditated murder.

The principle is likewise well established that without regard to any previous confederation or design, when two or more persons aid and abet each other in the commission of a crime, all being present, all are principals and equally guilty. *S. v. Donnell, supra; S. v. Beal,* 199 N. C., 278, 154 S. E., 604; *S. v. Hart,* 186 N. C., 582, 120 S. E., 345; *S. v. Jarrell,* 141 N. C., 722, 53 S. E., 127.

Nor was there error in limiting the jury to one of two verdicts— murder in the first degree or not guilty. *S. v. Satterfield,* 207 N. C., 118, 176 S. E., 466. It is provided by C. S., 4200, that a murder which shall be committed in the perpetration of a robbery, as was the case here, shall be deemed to be murder in the first degree. *S. v. Donnell, supra.* The record discloses no evidence of a lesser degree of homicide. *S. v. Spivey,* 151 N. C., 676, 65 S. E., 995; *S. v. Ferrell,* 205 N. C., 640, 172 S. E., 186; *S. v. Myers,* 202 N. C., 351, 162 S. E., 764.

Out of the many tragedies of the hills, this is perhaps one of the saddest. It is full of moving pathos. Three mountain boys, poor, unlettered, and with nothing to do, set out to take what they can by hold-up and robbery. A murder ensues. The community is aroused to indignation. They are quickly overtaken by the law, tried, convicted, and sentenced to death. Such are the wages of sin, and sin pays its wages. To the extent, however, that the judgments imposed are sacri-

ficial in nature, or deterrent in purpose, a civilized State might well pause and ponder their plight. Are there no preventives for such crimes? *S. v. Phifer,* 197 N. C., 729, 150 S. E., 352.

No reversible error having been made to appear, the verdict and judgments will be upheld.

No error.