STATE v. RAY DRY.

(Filed 12 April, 1944.)

**Criminal Law § 77a—**

> On appeal in a criminal case the indictment or warrant is a necessary part of the case on appeal and in its absence the appeal will be dismissed.

APPEAL by defendant from *Armstrong, J.,* at January Term, 1944, of CABARRUS.

Defendant entered a plea of guilty on 8 February, 1943, to charges contained in four separate warrants, in the recorder's court of Cabarrus County. Prison sentence was entered in each case and suspended upon certain conditions. The recorder of said court, on 6 December, 1943, found as a fact that the defendant had willfully violated the terms and conditions of the suspended sentence in one of the above cases, and ordered capias to issue. Defendant appealed to the Superior Court and the judgment of the recorder's court was affirmed. Whereupon, the defendant appealed to the Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*E. T. Bost, Jr., and B. W. Blackwelder for defendant.*

BUFORD *v.* MOCHY.

PER CURIAM. The record proper filed in this Court is fatally defective for the reason that no warrant appears therein.

The appeal is dismissed on the authority of *S. v. Currie,* 206 N. C., 598, 174 S. E., 447, and *Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126.

Appeal dismissed.