STATE v. ERNEST C. VANDIFORD.

(Filed 6 March, 1957.)

**Criminal Law § 77a—**

The failure of the record to contain the bill of indictment is fatal, and such defect cannot be cured by certificate of the clerk that there was a true bill of indictment but that it had been lost, but where a copy of the bill of indictment as returned by the grand jury is certified by the clerk pursuant to an order of the Superior Court, the order and copy of the bill, so certified, become a part of the record on appeal, thus supplying the deficiency and precluding dismissal.

APPEAL by defendant from *Burgwyn, E. J.*, at 1956 December Term, of CRAVEN.

Criminal prosecution on charge of "assault with a deadly weapon with intent to kill, inflicting serious bodily injury."

Verdict: Guilty as charged in the bill of indictment.

Judgment: Confinement in State's Prison for a term of six (6) years —from which defendant appeals.

20—245

STATE v. COOK.

*Attorney-General Patton and Assistant Attorney-General Love for the State.*

*Cecil D. May for Defendant, Appellant.*

PER CURIAM. At the threshold of this appeal the State through the Attorney-General moved to dismiss the appeal on authority of *S. v. Currie,* 206 N.C. 598, 174 S.E. 447, for that the record on appeal is fatally defective in that it did not contain the bill of indictment. In lieu thereof, by consent of Solicitor and attorney for defendant, the Clerk of Superior Court certified that there was a true bill of indictment containing the charge as above recited, but that during the progress of the trial the bill was misplaced, and not to be located. *S. v. Currie, supra,* presented a similar factual situation. In respect thereto this Court held that the statement was not sufficient,—that it was the duty of the defendants to see that the indictment appeared in the record, or, if lost, to apply to the Superior Court for an order that a copy be supplied, citing *S. v. McDraughon,* 168 N.C. 131, 83 S.E. 181, and the appeal was dismissed. To like effect is *S. v. Gosnell,* 208 N.C. 401, 181 S.E. 323; *S. v. Dry,* 224 N.C. 234, 29 S.E. 2d 698; *S. v. Jenkins,* 234 N.C. 112, 66 S.E. 2d 819; *S. v. Dobbs,* 234 N.C. 560, 67 S.E. 2d 751.

In accordance with ruling in *S. v. Currie, supra,* defendant has now applied to Superior Court of Craven County for an order that a copy of the bill of indictment be supplied, and such an order has been made, and certified to this Court, with copy of a true bill of indictment as returned by grand jury, and on which defendant was tried. Under these circumstances, the appeal will not be dismissed, but, rather, the order and copy of bill of indictment so certified will be attached to and become a part of the record on the appeal.

However, exceptions on which assignments of error are presented on this appeal duly considered in the light of evidence offered upon the trial in Superior Court and the charge of the court as a whole fails to show error for which a new trial should be granted.

No error.