### STATE v. JOSEPH STUBBS.

(Filed 13 October, 1965.)

**1. Constitutional Law § 28—**

A person may not be tried or convicted for a criminal offense without a formal and sufficient accusation.

**2. Criminal Law § 150—**

The indictment or warrant is an essential part of the record on appeal in a criminal action. Rule of Practice in the Supreme Court No. 19(1).

**3. Criminal Law § 147; Appeal and Error § 29—**

It is the duty of appellant to see that the record is properly made up and transmitted to the Supreme Court.

**4. Criminal Law § 149—**

Where the indictment upon which defendant was tried has been lost subsequent to the trial, defendant properly moves for *certiorari* in order to give him an opportunity to move in the Superior Court for an order that a copy of the indictment as returned by the grand jury be supplied and certified so that he can proceed with his appeal.

**5. Criminal Law § 147—**

Where the indictment upon which defendant was tried has been lost subsequent to the trial, a substituted copy may not be inserted in the record by stipulation of the solicitor or assistant solicitor and counsel for defendant, but an order determining and providing a true copy of the indictment as returned by the grand jury must be inserted in the record by the trial court, there being disagreement between defendant and the State as to the wording of the indictment.

**6. Same—**

The trial judge has jurisdiction to settle the case on appeal, notwithstanding that at the time of settlement he has resigned as a judge of the Superior Court. G.S. 1-283.

ON *certiorari* from *Huskins, J.,* 5 October 1964 Regular "A" Criminal Session of MECKLENBURG.

*Attorney General T. W. Bruton and Deputy Attorney General Harry W. McGalliard for the State.*
*A. A. Coutras for defendant appellant.*

PARKER, J. We have before us a confused record. As we understand this confused record, the history of this case is as follows:

At the 5 October 1964 Regular "A" Criminal Session of Mecklenburg County Superior Court, the Honorable J. Frank Huskins, Judge Presiding, defendant Stubbs and one Lester Emmett Carter were apparently tried on either separate indictments charging a crime against

nature consolidated for trial, or a joint indictment charging each one of them with committing the crime against nature upon each other, a violation of G.S. 14-177. Each defendant pleaded not guilty. Defendant Stubbs was represented at the trial by court-appointed counsel, A. A. Coutras, a member of the Mecklenburg County Bar. Each defendant was found guilty of the crime. Defendant Stubbs was sentenced upon the verdict to imprisonment for a term of not less than seven years nor more than ten years. In open court defendant Stubbs appealed from the judgment of imprisonment to the Supreme Court (there is nothing in the record before us to indicate that Carter appealed), and the trial court entered an order allowing Stubbs to appeal *in forma pauperis.* Stubbs by order of court was allowed 90 days within which to make up and serve upon the state his statement of case on appeal, and the State was allowed 30 days after service of his statement of case on appeal on it within which to file exceptions or to serve a counter case. Because the court reporter could not deliver a transcript of the evidence in the case and the charge of the court until 7 December 1964, defendant Stubbs by order of the trial judge was allowed an additional 30 days from 16 December 1964 to make up and serve upon the State his statement of case on appeal. On 25 January 1965 defendant Stubbs submitted to the solicitor for the State his statement of case on appeal. On 26 January 1965 the solicitor in writing accepted service of his statement of case on appeal. There is nothing in the record before us to indicate that the solicitor for the State filed exceptions or a counter case.

Defendant Stubbs' statement of case on appeal upon which the solicitor for the State accepted service was filed in the office of the Clerk of this Court on 3 September 1965. There is nothing in the record before us to indicate that the trial judge ever saw defendant Stubbs' statement of case on appeal. Defendant Stubbs' statement of case on appeal contains a statement of the organization of the court, an indictment charging Lester Emmett Carter with the commission of the crime against nature with defendant Stubbs (in this statement of the case on appeal there is no indictment against defendant Stubbs), Stubbs' and Carter's pleas of not guilty, the impanelling of the jury, the verdict that defendant Stubbs and Lester Emmett Carter are guilty of the crime against nature with the recommendation of medical help, the judgment against defendant Stubbs of imprisonment, his appeal entries, a statement of the evidence for the State and for defendants Stubbs and Carter, the charge of the trial court, and assignments of error. The charge of the trial court begins: "Ladies and Gentlemen of the Jury. Joseph Stubbs in Case No. 42-477 and Lester Carter in Case

No. 42-478 are charged with the detestable and abominable crime against nature, the State alleging that such crime was committed by these two defendants upon each other on the first day of August, 1964."

On 10 June 1965 defendant Stubbs filed in the office of the Clerk of this Court a petition for a writ of *certiorari,* in which he alleges in substance, except when quoted: His counsel served his statement of case on appeal on the solicitor for the State on 25 January 1965. His counsel in preparing the case on appeal discovered that no indictment against him was in existence and no indictment against him could be found in the records of Mecklenburg County Superior Court. On 22 January 1965 he filed a petition for a writ of *habeas corpus* before Judge George B. Patton. Judge Patton on 29 January 1965 heard his petition for a writ of *habeas corpus* and after hearing the testimony "found as a fact, based upon oral testimony, transcript of the record of trial and upon affidavit of the Assistant Solicitor, John H. Hasty, that at the time of trial at the October 5th Criminal Term of Superior Court of Mecklenburg County, there was in existence a Bill of Indictment charging the Petitioner, Joseph Stubbs with a Crime Against Nature," and thereupon Judge Patton denied his petition for a writ of *habeas corpus.* "The State of North Carolina made a motion on February 10, 1965, to the Court that the records be made to speak the truth and that the Court ordered a Bill of Indictment in accordance with that which was in existence at the time of trial of the Petitioner. That the Court as of the date of this Petition has not entered an Order allowing the motion of the State of North Carolina." On 17 March 1965 his counsel "moved the court for a new trial based on the premise that the exact and substantial wordage of the original bill of indictment could not be established; however, said Petitioner's motion was denied by the court." That the affidavit of the assistant solicitor, John H. Hasty, before Judge Patton sets forth an indictment, which is marked "Indictment A," and is to the effect that the indictment charged Lester Emmett Carter and defendant Stubbs with committing the crime against nature. That an indictment "for which there is no court order as of the date of this Petition" was "subsequently inserted into the records of the Mecklenburg County Court House"; it is marked "Indictment B," and charges Lester Emmett Carter and Joseph Stubbs with committing the crime against nature upon each other. That the indictments hereinbefore set out are substantially different in language. "That 'Indictment B' is not properly in the record in that no order was issued by the Court allowing the State's motion to amend the record. That the record is incomplete as of the date of this Petition and therefore said Petitioner was unable to proceed with his appeal. The Defendant Pe-

titions for Writ of *Certiorari* and assigns as error the following: 1. Defendant Petitioner was unable to proceed with his appeal in that the original Bill of Indictment was missing from the record. 2. That 'Indictment A' as hereinbefore set forth is fatally defective on its face. 3. That 'Indictment B' is not properly in the record. 4. That 'Indictment A' and 'Indictment B' are substantially different in wordage. Your Petitioner has complied with all requirements known to him in this Petition for Writ of *Certiorari* and respectfully requests that the Writ be granted to the end that the entire record proper be reviewed and that the case on appeal served on the Solicitor of the 14-A Solicitorial District be reviewed and that the defendant Petitioner be granted a new trial."

Defendant's petition for a writ of *certiorari* was allowed by order of this Court in conference on 23 July 1965.

On 10 September 1965 there was filed in the office of the Clerk of this Court a stipulation in the instant case signed on 3 September 1965 by the assistant solicitor, John H. Hasty, and A. A. Coutras, counsel for defendant Stubbs, in which it is stated that to "the best of their recollection, that the attached is a substituted copy of the indictment in the above entitled case." The attached substitute copy of an indictment charges Lester Emmett Carter and defendant Joseph Stubbs with committing the crime against nature upon each other, and purports to have been found a true bill by the grand jury at the 7 September 1964 Criminal Session. This stipulation and attached substituted copy of the indictment are inserted in defendant Stubbs' statement of case on appeal, and this stipulation further states "that the case on appeal, as submitted, is settled and agreed to by the undersigned."

There can be no trial, conviction, or punishment for a crime without a formal and sufficient accusation. *S. v. Albarty,* 238 N.C. 130, 76 S.E. 2d 381; 42 C.J.S., Indictments and Informations, § 1.

On appeal in criminal cases, the indictment or warrant and plea on which the case is tried, the verdict and judgment appealed from are essential parts of the transcript record of a criminal action brought to this Court. Rule 19(1) of the Rules of Practice in the Supreme Court, 254 N.C. 795; *S. v. Jenkins,* 234 N.C. 112, 66 S.E. 2d 819.

It is the duty of appellant to see that the record is properly made up and transmitted to the Court. *S. v. Jenkins, supra; S. v. Golden,* 203 N.C. 440, 166 S.E. 311; *S. v. Frizell,* 111 N.C. 722, 16 S.E. 409.

The case of *S. v. McDraughon,* 168 N.C. 131, 83 S.E. 181, had a factual situation in many ways similar to the factual situation in the instant case. In that case the defendant was tried in the superior court

upon an indictment duly found, and upon conviction was sentenced to serve eight months upon the county roads. Since the trial the indictment was lost, without fault, so far as the record discloses, upon the part of the defendant, and therefore is not a part of the transcript. The defendant made no effort to have the indictment supplied in the superior court, nor did he move in the Supreme Court for *certiorari*. The Attorney General made a motion to dismiss the appeal because of the insufficiency of the transcript. The Court in its opinion states the rule applicable to the instant case:

"In cases of this character the jurisdiction of this Court is not original, but appellate * * *.

"The presumption is that the judgment of the Superior Court is correct, and the burden is on the appellant to show errors. As far back as *S. v. Butts*, 91 N.C. 524, the requisites of the transcript were pointed out, and in *S. v. Frizell*, 111 N.C. 722, the Court said: 'An appellant does not do his duty by simply taking an appeal and leaving it to the clerk to send up what he may deem necessary. It is the appellant's duty to see that the record is properly and sufficiently made up and transmitted. Hereafter the Court will dismiss the appeal or affirm the judgment, as the case may be, when the record is defective in any material particular, in all cases in which the Attorney-General, or the opposite party (in civil cases), sees proper to make such motion, unless sufficient excuse for the apparent laches is shown.' And again, in *S. v. May*, 118 N.C. 1204: 'The transcript fails to show that the court was held by a judge at the time and place required by law; that a grand jury was drawn, sworn, and charged, and presented the indictment; and there are other defects. It is the duty of the appellant to have the record sent up, and when it is in such condition as above stated, usually the Court will dismiss the appeal, unless it is shown that the appellant is guilty of no laches; otherwise, the appellant could always obtain six months delay by simply failing to have a sufficient record sent up.'

"It therefore appears to be well settled that it was the duty of the defendant to see that the indictment was a part of the transcript, and if lost, he ought to have applied to the Superior Court to supply it, or if no court convened in the county of Sampson prior to the time of docketing the transcript here, he ought to have sent to this Court as much of the record as could be procured, and then applied to this Court for a *certiorari*, in order to give him an opportunity to move in the Superior Court. He has done neither, and has offered no excuse for his laches.

"The power of the Court to supply an indictment which has been lost accidentally or otherwise upon motion based upon affidavits is simply the power to make the record speak the truth, which is inherent in courts of common-law jurisdiction. The refusal to exercise this power would encourage negligence in the custodian of papers and criminality in those interested in abstracting the indictment from the files."

The Court dismissed the appeal for insufficiency of the record.

The case of *S. v. Currie,* 206 N.C. 598, 174 S.E. 447, presents a factual situation also quite similar to the factual situation here. The defendants were convicted by a jury in New Hanover County and appealed to this Court from the judgment. The record proper filed in this Court was fatally defective for that no indictment appeared therein. There is a statement in the record, filed by the solicitor for the State and counsel for defendants, to the effect that since the trial of the action the papers in the case have disappeared from the office of the clerk of the superior court, and cannot be found, but that an indictment in due form charging the defendants with conspiracy and robbery was in the record at the time of the trial. The Court in its opinion said: "This statement is not sufficient. It was the duty of the defendants to see that the indictment appeared in the record, or if lost, to apply to the Superior Court for an order that a copy be supplied. See *S. v. McDraughon,* 168 N.C. 131, 83 S.E. 181." The appeal was dismissed.

*S. v. Vandiford,* 245 N.C. 609, 96 S.E. 2d 835, is in point. Defendant appealed to this Court from a judgment of imprisonment based upon a verdict of guilty of a felonious assault with a deadly weapon with intent to kill, inflicting serious injury. The Attorney General moved to dismiss the appeal on authority of *S. v. Currie, supra,* for that the record on appeal is fatally defective in that it did not contain the indictment. In lieu thereof, by consent of the solicitor and defendant's attorney, the clerk of the superior court certified that there was a true bill of indictment containing the charge of a felonious assault with a deadly weapon with intent to kill, inflicting serious injury, but that during the progress of the trial the indictment was misplaced, and not to be located. In its opinion the Court said:

"*S. v. Currie, supra* [206 N.C. 598, 174 S.E. 447], presented a similar factual situation. In respect thereto this Court held that the statement was not sufficient, — that it was the duty of the defendants to see that the indictment appeared in the record, or, if lost, to apply to the Superior Court for an order that a copy be supplied, citing *S. v. McDraughon,* 168 N.C. 131, 83 S.E. 181, and the appeal was dismissed. To like effect is *S. v. Gosnell,* 208 N.C.

401, 181 S.E. 323; *S. v. Dry,* 224 N.C. 234, 29 S.E. 2d 698; *S. v. Jenkins,* 234 N.C. 112, 66 S.E. 2d 819; *S. v. Dobbs,* 234 N.C. 560, 67 S.E. 2d 751.

"In accordance with ruling in *S. v. Currie, supra,* defendant has now applied to Superior Court of Craven County for an order that a copy of the bill of indictment be supplied, and such an order has been made, and certified to this Court, with copy of a true bill of indictment as returned by grand jury, and on which defendant was tried. Under these circumstances, the appeal will not be dismissed, but, rather, the order and copy of bill of indictment so certified will be attached to and become a part of the record on the appeal."

On 10 June 1965 defendant Stubbs filed in this Court a petition for a writ of *certiorari,* in which he alleges in substance: His counsel served his statement of case on appeal on the solicitor for the State on 25 January 1965. His counsel in preparing the case on appeal discovered that no indictment against him was in existence, and no indictment against him could be found in the records of Mecklenburg County Superior Court, and for that reason he is unable to proceed with his appeal. There is nothing in the petition for a writ of *certiorari* to suggest that the indictment against defendant Stubbs was lost or misplaced by any fault of his, or that he was guilty of laches. It seems apparent from the facts alleged in the petition for a writ of *certiorari* that defendant Stubbs applied to this Court for a *certiorari,* in order to give him an opportunity to move in the superior court for an order that a copy of the indictment as returned by the grand jury, and on which he was tried, be supplied and certified to this Court so that he can proceed with his appeal, though his language is not characterized by clarity. We allowed his petition for a writ of *certiorari* on 23 July 1965.

On 3 September 1965 defendant Stubbs filed in this Court his statement of case on appeal, but it contains no indictment against defendant Stubbs. The substituted copy of an indictment against defendants Stubbs and Lester Emmett Carter, later inserted in the record by stipulation between John H. Hasty, assistant solicitor, and A. A. Coutras, attorney for defendant Stubbs, is not sufficient. *S. v. Vandiford, supra; S. v. Currie, supra.*

The Attorney General has not moved to dismiss the appeal.

It is manifest from the record before us that counsel for the State and defendant Stubbs disagree as to the indictment upon which defendant Stubbs was tried.

This action is remanded to the Superior Court of Mecklenburg County in order that defendant Stubbs can make a motion before the trial judge, J. Frank Huskins, for an order determining and supplying a

true copy of the true bill of indictment as returned by the grand jury, and on which he was tried, and that when such order is made by Judge Huskins that it be ordered to be certified to this Court with a copy of the true bill of indictment as returned by the grand jury, and on which defendant Stubbs was tried, to the end that the order and copy of the indictment so certified can be attached to and become a part of the record on appeal in the instant case. Jurisdiction of this matter pertaining to the settlement of the case on appeal remains in the trial judge, J. Frank Huskins, even though he has resigned as superior court judge. G.S. 1-282, 1-283; *Hoke v. Greyhound Corp.,* 227 N.C. 374, 42 S.E. 2d 407; 4 Am. Jur. 2d, Appeal and Error, § 445; 4A C.J.S., Appeal and Error, § 946(b)(2), p. 914.

Remanded.