STATE v. HERBERT BAILEY.

(Filed 25 February, 1953.)

**Constitutional Law § 32:  Criminal Law § 56—**

Where, upon defendant's demand for a jury trial, the prosecution is transferred from the recorder's court to the Superior Court in accordance with statute, Chap. 482, Session Laws of 1951, and the defendant is tried in the Superior Court on the original warrant without an indictment, the judgment must be arrested.

APPEAL by defendant from *Williams, J.,* November Term, 1952, of EDGECOMBE.

This is a criminal action commenced by the issuance of a warrant in the Recorder's Court of Edgecombe County, North Carolina, under date of 26 May, 1952, charging the defendant with the unlawful and willful operation of a motor vehicle upon the public highways of the State while under the influence of intoxicating beverages or narcotic drugs. The warrant was returnable to the Recorder's Court, and upon the call of the case therein on 16 June, 1952, the defendant appeared and made a motion for a jury trial. Thereupon, the case was transferred to the Superior Court of Edgecombe County as directed in such cases by Chapter 482 of the 1951 Session Laws of North Carolina. No bill of indictment was returned against the defendant by a grand jury in the Superior Court, but the defendant was tried by a jury upon the warrant issued in the Recorder's Court.

The jury returned a verdict of guilty and the defendant in apt time moved to set aside the verdict and in arrest of judgment. The motion was denied and from the judgment imposed, the defendant appeals and assigns error.

*Attorney-General McMullan and Robert L. Emanuel, Member of Staff, for the State.*

*Fountain & Fountain & Bridgers for defendant, appellant.*

DENNY, J. The Recorder's Court of Edgecombe County is an inferior court of civil and criminal jurisdiction which was created by Chapter 560, Public Laws of North Carolina, Session of 1909, as amended by Chapter 472, Public-Local Laws of North Carolina, Session of 1911. Section 4 of this latter act provides: "Said court shall have, concurrently with justices of the peace of Edgecombe County, jurisdiction in all criminal cases arising in said county which are now or may hereafter be given to justices of the peace, and, in addition to the jurisdiction conferred by this section, shall have exclusive original jurisdiction of all other criminal

offenses committed within the county, below the grade of felony, as now defined by law, and of the crimes of larceny and receiving stolen goods, knowing them to be stolen, wherein the value of the property does not exceed twenty ($20) dollars, and the same are hereby declared to be petty misdemeanors."

The act also provides that criminal actions originating in said court shall be tried upon warrants; and grants to persons convicted and sentenced in such court, the right to appeal to the Superior Court in the same manner as now provided for appeals from courts of justices of the peace.

Chapter 482 of the 1951 Session Laws, provides: "In the trial of any criminal case in the Recorder's Court of Edgecombe County, upon demand for a jury trial by the defendant, the judge of the recorder's court shall transfer said case to the Superior Court of Edgecombe County for trial . . ."

In light of the above statutory provisions, and the able and exhaustive opinions of this Court, speaking through *Ervin, J.,* in *S. v. Thomas,* 236 N.C. 454, 73 S.E. 2d 283, and *S. v. Norman, ante,* 205, we hold that since the defendant was not tried in the inferior court on the warrant issued therein, a mere transfer to the Superior Court upon a demand for a trial by jury, as provided in Chapter 482 of the 1951 Session Laws, did not give the Superior Court jurisdiction to try him on the warrant. *S. v. Thomas, supra.* However, since Chapter 482 of the 1951 Session Laws authorizes the transfer from the Recorder's Court of Edgecombe County to the Superior Court of Edgecombe County, any case within its jurisdiction, upon demand by the defendant for a trial by jury, the Superior Court may put the defendant on trial for the offense charged in the warrant before a petit jury upon the procurement of an indictment duly returned by a grand jury. *S. v. Norman, supra.*

Judgment arrested.