STATE v. CARL L. BOWEN.

(Filed 20 May, 1953.)

**Constitutional Law § 32: Criminal Law § 56—**

>　Where a prosecution for assault and battery with a deadly weapon is transferred to the Superior Court from the Recorder's Court upon defendant's demand for a jury trial, initial trial in the Superior Court upon the original warrant is a nullity and the judgment will be arrested on appeal to the Supreme Court.

APPEAL by defendant from *McLean, Special Judge,* August Term, 1952, of DURHAM. Judgment arrested.

The defendant was charged in the warrant in the Recorder's Court of Durham County with the criminal offense of assault and battery with a deadly weapon. Upon request of the defendant for jury trial, the case was transferred to the Superior Court of Durham County.

In the Superior Court the defendant was put to trial on the warrant, found guilty by the jury and sentenced by the judge. Defendant appealed.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Edwards & Sanders for defendant, appellant.*

PER CURIAM. In this Court the defendant moves in arrest of judgment. The Attorney-General concedes error in the judgment for the reason set out in *S. v. Thomas,* 236 N.C. 454, 73 S.E. 2d 283.

The motion in arrest of judgment is allowed, and the case remanded to the Superior Court of Durham County for trial upon a bill of indictment or for such other disposition as the law provides. *S. v. Williams,* ante, 436, 75 S.E. 2d 703; *S. v. Bailey, ante,* 273, 74 S.E. 2d 209; *S. v. Pitt, ante,* 274, 74 S.E. 2d 609.

Judgment arrested.