### STATE v. MATTIE HUNTER.

(Filed 6 March, 1957.)

**1. Criminal Law § 77a—**

The indictment or warrant, the plea, the verdict, and the judgment appealed from are essential parts of the transcript on appeal in criminal cases, and may not be dispensed with by stipulation of the parties.

**2. Criminal Law §§ 14, 77a—**

Where it is made to appear that defendant was tried upon warrants issued by the police court of a municipality, but the record fails to disclose what disposition was made of the prosecutions in the inferior court or how they reached the Superior Court, appeal to the Supreme Court must be dismissed.

APPEAL by defendant from *Clarkson, J.,* October Term 1956 of BUNCOMBE.

According to the stipulation contained in the record on appeal, the defendant, Mattie Hunter, was indicted at the regular October Term 1956 of the Superior Court of Buncombe County; that the grand jury returned a true bill of indictment "charging the defendant with the unlawful possession of whiskey, keeping liquor for sale and carrying, transporting and delivering of liquor." It was further stipulated, "that the bill of indictment need not be printed." No copy of the bill of indictment is contained in the record on appeal.

The case on appeal sets out the verdict on "Dockets Nos. 5441 and 5442 . . . as guilty as charged." Sentences were imposed in these cases, which apparently were consolidated for trial. The sentence imposed in case No. 5442 was suspended for three years, to run from the expiration of the sentence imposed in case No. 5441.

The defendant appeals, assigning error.

*Attorney-General Patton and Assistant Attorney-General Bruton for the State.*

*McLean, Gudger, Elmore & Martin for defendant.*

PER CURIAM. After the case on appeal was docketed in this Court, a further stipulation and motion to amend the record was filed in the office of the Clerk of the Supreme Court.

The motion is to amend the former stipulation by striking out the reference therein to the bill of indictment and to insert in lieu thereof the following: "That this cause was tried upon two warrants issued by the City of Asheville Police Court charging the defendant with unlawful possession of whiskey, keeping liquor for sale, and carrying, transporting and delivering of liquor." The motion likewise contained a further stipulation "that said warrants need not be printed as a part of the record in this appeal."

We have examined the exceptions and assignments of error and, in our opinion, they present no prejudicial error in the trial below. However, if they did disclose error, they are not properly before this Court for decision.

The State, through the Attorney-General, moved to dismiss the appeal on authority of *S. v. Currie,* 206 N.C. 598, 174 S.E. 447, for that the record on appeal is fatally defective in that it contains no bill of indictment.

On appeal in criminal cases, the indictment or warrant, and the plea on which the defendant was tried in the court below, the verdict, and the judgment appealed from, are essential parts of the transcript. *S. v. Dobbs,* 234 N.C. 560, 67 S.E. 2d 751; *S. v. Jenkins,* 234 N.C. 112, 66

S.E. 2d 819; *S. v. Lumber Co.,* 207 N.C. 47, 175 S.E. 713; *S. v. Currie, supra; Pruitt v. Wood,* 199 N.C. 788, 156 S.E. 126.

Here, we have an agreed case on appeal which by stipulation omits the inclusion of the bill of indictment in the record on appeal. This is fatal to the appeal. Moreover, the motion to amend is in itself proof of the soundness of our decisions in this respect. It is now made to appear that the defendant was not tried upon a bill of indictment as the agreed case purports to show, but upon two warrants issued by the Police Court of the City of Asheville and returnable to that court. What disposition was made of these cases in the inferior court or how they reached the Superior Court is not made to appear. This alone is sufficient to require a dismissal of the appeal. *S. v. Thomas,* 236 N.C. 454, 73 S.E. 2d 283; *S. v. Bailey,* 237 N.C. 273, 74 S.E. 2d 609; *S. v. Banks,* 241 N.C. 572, 86 S.E. 2d 76. In addition to this defect, the motion to amend the record as indicated herein does not cure the fatal defect appearing on the face of the record since the solicitor and the attorneys for the defendant expressly stipulated "that said warrants need not be printed as a part of the record in this appeal." As *Stacy, C. J.,* said in the case of *S. v. Lumber Co., supra:* "We can judicially know only what properly appears on the record."

Appeal dismissed.