STATE v. SHIRLEN.

---

*T. Wade Bruton, Attorney General, George A. Goodwyn, Assistant Attorney General for the State.*
*Mercer & Thigpen for defendant appellant.*

---

STATE v. WILLIAM RICHARD SHIRLEN.

(Filed 22 March, 1967.)

Arrest and Bail § 3—

Where an officer sees a person intoxicated at a public bar, the officer may arrest such person without a warrant for violation of G.S. 14-335(10), and such person's assault upon the officer upon being merely told that he was under arrest cannot be excused on the ground that the arrest without a warrant was unlawful and that he had the right to defend himself against such arrest.

APPEAL by defendant from *McLaughlin, J.,* December 5, 1966 Conflict Criminal Session "C" of MECKLENBURG.

Defendant was first tried and convicted in the Recorder's Court of the city of Charlotte upon a warrant which charged him with assaulting J. D. Ensminger, a Charlotte policeman, with his hands and fists. From the sentence imposed, defendant appealed to the Superior Court, where he was tried *de novo*. Evidence for the State tended to show:

Officer Ensminger, while on a routine patrol, entered Bob's Pool Room on West Trade Street about 7:30 p.m. on October 25, 1966. He observed defendant, who was "pretty well drunk," drinking beer at the bar. James Shirlen asked his brother, the defendant, if that was "the g . . d . . . cop." Upon receiving an affirmative reply, James said to Ensminger, "I don't believe you have nerve enough to do it." The officer then told James that he was under arrest for disorderly conduct and started toward him. Defendant informed the officer that he could not take his brother without a "g . . d . . . warrant." Ensminger then informed defendant that he, too, was under arrest for disorderly conduct. At that time, both defendant and James grabbed the officer by his arms. Ensminger jerked away and went to the telephone. James swung at him with a pool stick, which the proprietor took from him. After winning a scuffle with James over possession of the telephone, Ensminger called a squad car. When the police arrived, both defendant and James ran out the rear door into an alley, where James was arrested after a fracas in which a policeman's arm was broken. Defendant was later arrested by another officer and taken to the police station. During the summer, defendant had threatened Ensminger. He had offered to pay anyone who would whip the officer and put him in the hospital, and he had threatened to throw acid in his eyes. No attempt had been made, however, to execute these threats.

Defendant called three witnesses, whose testimony was not included in the case on appeal, because it was "not material to explain the exceptions" upon which the assignments of error are based. The jury returned a verdict of "guilty of simple assault on an officer." From a sentence of thirty days in jail, defendant appealed.

*T. W. Bruton, Attorney General, Wilson B. Partin, Jr., Staff Attorney, for the State.*

*James H. Morton for defendant.*

PER CURIAM. Defendant brings forward only the assignment of error based upon his exceptions to the overruling of his motions for nonsuit. He contends that his conduct in the presence of the offi-

cer did not amount to a breach of the peace; that Ensminger, therefore, had no right to arrest him without a warrant; and that he had the legal right to resist arrest and defend himself. On this record, it is not necessary to decide whether defendant's conduct amounted to a breach of the peace, the question largely debated in the brief. Viewing the evidence in the light most favorable to the State, as we are required to do in passing upon a motion for nonsuit, it is sufficient to establish that defendant was drunk in a public place, a violation of G.S. 14-335(10). The officer, therefore, had the right to arrest defendant without a warrant. G.S. 15-41(1). In addition, it is noted that at the time defendant angrily grabbed Ensminger by the arm, the officer himself had not touched defendant. He had made no effort to consummate the arrest by manually seizing defendant, who had not submitted to his authority. *Stancill v. Underwood*, 188 N.C. 475, 124 S.E. 845; 6 C.J.S., Arrest § 1(b) (1937). Defendant's attack upon the officer, therefore, was offensive rather than defensive. The judgment of nonsuit was properly overruled.

No error.