STATE OF NORTH CAROLINA v. JAMES ARNOLD GADDY

No. 7226SC77

(Filed 24 May 1972)

1. **Criminal Law § 157— record on appeal — absence of verdict, organization of court, and showing of jurisdiction**

Appeal is subject to dismissal for insufficiency of the record where the record on appeal contains no verdict and nothing to show the organization and jurisdiction of the trial court.

2. **Arrest and Bail § 3— arrest without warrant — drunken driving — operation of vehicle in officer's presence**

An arrest without a warrant for the offense of operating a motor vehicle under the influence of intoxicating liquor is illegal unless the defendant operated the vehicle in the presence of the arresting officer.

3. **Arrest and Bail § 3; Criminal Law § 84— arrest without warrant — public drunkenness — motion to quash warrant — motion to suppress evidence**

The trial court in a prosecution for drunken driving properly denied defendant's motion to quash the warrant and to suppress evidence on the ground that he was arrested without a warrant at the scene of a traffic accident by officers who had not seen him operate a vehicle, where defendant was arrested at the accident scene for public drunkenness, not for drunken driving, and was later arrested upon a valid warrant for drunken driving, and the trial court found upon competent evidence that the officers had probable cause to arrest defendant for public drunkenness.

4. **Arrest and Bail § 3— arrest without warrant — public drunkenness**

An officer has a right to arrest a defendant without a warrant for being drunk in a public place, a violation of G.S. 14-335(a). G.S. 15-41(1).

**5. Criminal Law § 84— illegal arrest — admissibility of evidence**

Evidence obtained from a defendant in custody as a result of an illegal arrest is not *ipso facto* inadmissible.

**6. Criminal Law § 84— illegal arrest — sobriety tests — admissibility**

Even if defendant was not in lawful custody as a result of a valid arrest at the time sobriety tests were administered to him, the results of such tests would not be subject to suppression where there were no oppressive circumstances surrounding defendant's arrest and detention and defendant makes no contention that he did not voluntarily consent to the tests.

APPEAL by defendant from *McLean, Judge,* 9 August 1971 Criminal Session of Superior Court held in MECKLENBURG County.

Defendant appeals from a judgment imposing sentence for a third offense of operating a motor vehicle upon the public highways while under the influence of intoxicating liquor.

*Attorney General Morgan by Associate Attorney Conely for the State.*

*Paul L. Whitfield for defendant appellant.*

GRAHAM, Judge.

[1] The record filed in this Court contains no verdict and nothing to show the organization and jurisdiction of the trial court. "On appeal in criminal cases, the indictment or warrant, and the plea on which the defendant was tried in the court below, the verdict, and the judgment appealed from, are essential parts of the transcript." *State v. Hunter,* 245 N.C. 607, 608, 96 S.E. 2d 840, 841. The organization of the court is a part of the record proper. *State v. Tinsley,* 279 N.C. 482, 183 S.E. 2d 669.

After oral argument a stipulation as to the organization of the court, signed by the solicitor and defendant's counsel, was mailed to the clerk of this Court, presumably by defendant's counsel. However, no motion has been made that this stipulation be added to the record and printed as an addendum to the record on appeal. Even if we add the stipulation to the record on our own motion the record will still lack a verdict.

"It is the duty of appellant to see that the record is properly made up and transmitted to the Court," *State v. Stubbs,* 265 N.C. 420, 423, 144 S.E. 2d 262, 265, and where an essential

portion of the record has been omitted the appeal is subject to dismissal. *State v. Hunter, supra; State v. Byrd,* 4 N.C. App. 672, 167 S.E. 2d 522.

This appeal is dismissed for an insufficient record; however, we have nevertheless reviewed all of defendant's assignments of error and found them without merit.

Defendant's principal contention is that the court erred in denying his motion to quash the warrant and suppress the evidence. The motion was based upon allegations that defendant was illegally arrested at the scene of a traffic collision by officers who were not armed with an arrest warrant and who did not see him operate a vehicle.

[2, 3] An arrest without a warrant for the offense of operating a motor vehicle under the influence of intoxicating liquor is illegal unless the defendant operated the vehicle in the presence of the arresting officer. *State v. Hill,* 277 N.C. 547, 178 S.E. 2d 462. However, defendant was not arrested at the scene of the accident for that offense but was arrested there for public drunkenness. He was later arrested upon a valid warrant for the offense of driving under the influence.

[4] Two police officers testified on voir dire as to the circumstances surrounding defendant's initial arrest. The court found from their testimony that the arresting officer had probable cause to arrest defendant for public drunkenness. The evidence supports this finding. An officer has the right to arrest a defendant without a warrant for being drunk in a public place, a violation of G.S. 14-335(a). *State v. Shirlen,* 269 N.C. 695, 153 S.E. 2d 364. This authority is granted by G.S. 15-41(1):

"A peace officer may without warrant arrest a person:

(1) When the person to be arrested has committed a felony or misdemeanor in the presence of the officer, or when the officer has reasonable ground to believe that the person to be arrested has committed a felony or misdemeanor in his presence. . . ."

[5, 6] We further note that evidence obtained from a defendant in custody as a result of an illegal arrest is not *ipso facto*

inadmissible. *State v. Moore*, 275 N.C. 141, 166 S.E. 2d 53. The evidence sought to be suppressed here consists of the results of various sobriety tests taken before defendant was arrested for the offense of operating a vehicle under the influence of intoxicating liquor. Even if defendant had not been in lawful custody as a result of a valid arrest for public drunkenness at the time the tests were administered, the evidence would not be subject to suppression as there were no oppressive circumstances surrounding defendant's initial arrest and detention, and he makes no contention that he did not voluntarily consent to the tests.

Appeal dismissed.

Judges CAMPBELL and BRITT concur.