STATE OF NORTH CAROLINA v. SHELTON EARL HARVELL

No. 793SC724

(Filed 19 February 1980)

1. **Criminal Law § 157.2— record on appeal—absence of indictment, verdict and judgment**

   Defendant's purported appeal from a conviction of second degree rape is dismissed because of an insufficient record where the indictment, verdict and judgment were not included in the record on appeal.

2. **Witnesses § 1— competency of 12-year-old witness—failure to hold hearing**

   The trial court did not err in permitting the 12-year-old prosecutrix in an incest case to testify without first hearing testimony as to her competency since (1) an accurate determination of the child's moral and religious sensitivity could be made by the court through personal observation while the child was being questioned, and (2) defendant's trial counsel stipulated that the child was competent to testify.

**3. Criminal Law § 106— incest—sufficiency of evidence to overrule nonsuit**

The evidence in an incest case reasonably supported a finding of defendant's guilt beyond a reasonable doubt within the purview of *Jackson v. Virginia,* --- U.S. --- (1979).

**4. Incest § 1; Rape § 5— incest with and rape of daughter—sufficiency of evidence**

The State's evidence was sufficient for the jury on issues of defendant's guilt of second degree rape of and incest with his 12-year-old daughter where the daughter gave positive testimony that she and her father engaged in sexual intercourse on a certain date; defendant father forced her down and made her have sex with him; she told him no but he did not stop; and she was afraid of him, especially since he had been drinking.

**5. Incest § 1; Rape § 1— incest with and rape of daughter—no merger of crimes**

The trial court did not err in refusing to merge charges against defendant for second degree rape of and incest with his 12-year-old daughter since rape requires force while incest does not, incest requires kinship while rape does not, and the two crimes therefore have different elements and are distinct offenses even though one crime was committed during perpetration of the other.

APPEAL by defendant from *Rouse, Judge.* Judgment entered 11 April 1979 in Superior Court, CARTERET County. Heard in the Court of Appeals 10 January 1980.

Defendant was charged with second degree rape of and incest with his twelve-year-old daughter. He was represented at trial by John E. Nobles, Jr. Subsequent to defendant's conviction, R. L. Frazier was retained to perfect this appeal, and John E. Nobles, Jr. was released by the court.

State's evidence tended to show that Tina Harvell was 12 years old on 30 December 1978. Her mother was not at home around one or two o'clock. Her father, a commercial fisherman, sent her brother and sister to check on the boat. He had been in an accident and asked Tina to rub his face which she had done before and agreed to do so again. They went into the bedroom and sat on the bed. Defendant requested sexual favors, but Tina refused. He forced her down on the bed, hugged her, and asked again. She again refused, but defendant insisted. Tina was afraid of him and felt that she had no choice because he was stronger than she. Defendant had sexual relations with Tina.

State's evidence further tended to show that defendant had never struck Tina, but he "does many things when he is drunk." Incidents of sexual abuse had occurred three or four times a

month since Tina was nine. She had sometimes resisted successfully by holding defendant's hands and saying no. She never agreed to have intercourse with her father or told him that it was alright. She had not had intercourse with anyone else.

A medical examination showed that Tina had been sexually active, and Tina told the doctor that she had had intercourse with her father. Defendant had once threatened to leave if Tina was taken to the doctor.

Defendant's evidence was that Tina's brother and sister had failed to observe anything that indicated these incidents were occurring. The family lived in a trailer which did not have locks on the interior doors and in which sound traveled easily. Defendant had injured his eye and all of the family members rubbed his head. Tina had not mentioned the incidents to any of her family, including a grandmother with whom she was close. Defendant testified that he had never taken sexual liberties with his daughter. Tina had never shown any fear of defendant or reluctance to go places with him or to be alone with him. Tina's mother thought that Tina was not telling the truth and had asked her to tell the truth. Tina had once admitted to her that the charges were not true.

Defendant was convicted of incest and second degree rape and sentenced to imprisonment in the North Carolina Department of Correction for not less than 12 nor more than 14 years in each case, the sentences to run concurrently.

*Attorney General Edmisten, by Associate Attorney Lucien Capone III, for the State.*

*Frazier & Moore, by Reginald L. Frazier; Bowen C. Tatum, Jr., by T. E. Moore, for the defendant.*

MARTIN (Robert M.), Judge.

[1] It is clear from the argument in defendant's brief concerning the charge of second degree rape that he intended to appeal from the judgment entered therein. A copy of the indictment, verdict and formal judgment on the charge of second degree rape was not included in the record on appeal. Both the defense counsel and the Attorney General submitted briefs in this Court. Neither made any objection or called any attention to the defective condi-

tion of the record as it pertains to the purported appeal on the charge of second degree rape. Rule 9(b)(3)(vii) provides that "the record on appeal in criminal actions shall contain . . . copies of . . . indictments . . . verdict and of the judgment . . ." In an appeal in criminal cases, the indictment or warrant, and the plea on which the defendant was tried in the Court below, the verdict, and the judgment appealed from, are essential parts of the transcript. *State v. Hunter*, 245 N.C. 607, 608, 96 S.E. 2d 840, 841 (1957). *State v. Gaddy*, 14 N.C. App. 599, 188 S.E. 2d 745 (1972). In this case the appeal is fatally defective for the reason that it contains no bill of indictment. *State v. Hunter, supra; State v. Currie*, 206 N.C. 598, 174 S.E. 447 (1934); *State v. Dobbs*, 234 N.C. 560, 67 S.E. 2d 751 (1951); *State v. Jenkins*, 234 N.C. 112, 66 S.E. 2d 819 (1951). It was the duty of the defendant to see that the indictment appeared in the record. *State v. Currie, supra.* The "minutes" of the court that were included are not a substitute for a copy of the judgment. A judgment is a necessary part of the record. *State v. Willis*, 285 N.C. 195, 204 S.E. 2d 33 (1974); *State v. Gilliam*, 33 N.C. App. 490, 235 S.E. 2d 421 (1977). When a necessary part of the record has been omitted, the appeal will be dismissed. *State v. Dobbs, supra;* 4 Strong's N.C. Index 3d, Criminal Law § 157.2 (1976). It is the duty of appellant to see that the record is properly made up and transmitted to the court. *State v. Stubbs*, 265 N.C. 420, 423, 144 S.E. 2d 262, 265 (1965). The purported appeal in the charge of second degree rape is dismissed for an insufficient record; however, we have nevertheless reviewed all of defendant's assignments of error and found them to be without merit.

We also note that the entire charge of the trial judge was included in the record on appeal, even though no error was assigned to the charge. This is in violation of Rule of Appellate Procedure 9(b)(3)(vi).

Defendant brings forward thirteen assignments of error which he groups in seven questions. The first question is as follows: "Does the Court of Appeals of North Carolina have the authority to weigh the evidence in this case and determine the credibility of the witnesses who testified?" The question and the supporting argument bears no relationship to his assignment of error on the exception upon which the assignment is based. The assignment of error stated in the record is as follows: "Did

the trial court commit reversible error by failing, on its own motion, to establish the competency of a witness, who was a minor child and unable to understand the nature and obligation of the oath?"

[2]  The competency of a child to testify is a matter resting within the sound discretion of the trial judge, and the trial judge has been held not to abuse that discretion without hearing testimony as to the child's competency since an accurate determination of the child's moral and religious sensitivity can be made by the trial judge through his personal observation while the child is being questioned. *State v. Roberts*, 18 N.C. App. 388, 197 S.E. 2d 54, *cert. denied*, 283 N.C. 758, 198 S.E. 2d 728 (1973); *State v. Bowden*, 272 N.C. 481, 158 S.E. 2d 493 (1968). Moreover, defendant's trial counsel stipulated that the child was competent to testify. Defendant has shown neither error nor prejudice. Defendant's first assignment of error is overruled.

[3]  Defendant argues in his brief that this Court has authority to weigh the evidence and pass on the credibility of witnesses. He relies on the holding in *Jackson v. Virginia*, --- U.S. ---, 61 L.Ed. 2d 560, 99 S.Ct. 2781 (1979). In *Jackson*, the Court stated: ". . . [t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." --- U.S. at ---, 61 L.Ed. at 573, 99 S.Ct. at 2789. In footnote twelve to the *Jackson* opinion the Supreme Court approved the test long used in North Carolina in resolving a challenge to the sufficiency of the evidence, i.e., "whether 'considering the evidence in the light most favorable to the government, there is substantial evidence from which a jury might *reasonably find* the defendant is guilty beyond a reasonable doubt.'" --- U.S. at ---, 61 L.Ed. at 574, 99 S.Ct. at 2789. In the case under consideration we hold that the record evidence reasonably supports a finding of guilt beyond a reasonable doubt.

[4]  Defendant contends in his second argument, based on assignments of error Nos. 3, 4, 5 and 6, that the court erred in denying defendant's motion to dismiss the charges of second degree rape and incest.

Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essen-

tial element of the offense charged, or a lesser included offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied. *State v. Mason*, 279 N.C. 435, 183 S.E. 2d 661 (1971).

The defendant's daughter, Tina, gave positive testimony that on December 30, 1978, she and her father engaged in sexual intercourse, penetration having definitely occurred. Tina also testified that defendant forced her down and made her have sex with him. She told him no, but he did not stop. She was afraid of him, especially since he had been drinking. The force necessary to constitute rape need not amount to actual physical force; fear, fright or coercion may take the place of actual force. *State v. Yancey*, 291 N.C. 656, 231 S.E. 2d 637 (1977).

A father violates G.S. 14-178 and by reason thereof is guilty of the statutory felony of incest if he has sexual intercourse, either habitual or in a single instance, with a woman or girl whom he knows to be his daughter. *State v. Vincent*, 278 N.C. 63, 178 S.E. 2d 608 (1971). There was positive testimony that the defendant, Tina's father, while living with her in the relationship of father and daughter, had sexual intercourse with her. We hold the evidence was sufficient in both the case of second degree rape and incest to carry the cases to the jury. Defendant's assignments of error are overruled.

[5] By his third assignment of error, defendant contends the court erred in denying defendant's motion to merge the charges of incest and rape. We do not agree. Rape requires force, incest does not. Incest requires kinship, rape does not. Obviously, they are different offenses. They have different elements and are therefore distinct offenses even though one crime was committed during the perpetration of another. *State v. Vert*, 39 N.C. App. 26, 249 S.E. 2d 476 (1978), *cert. denied* 296 N.C. 739, 254 S.E. 2d 181 (1979).

By his 7th assignment of error defendant contends the court erred by admitting evidence of a conversation by defendant and his wife overheard by the prosecutrix. The prosecutrix was permitted to refute testimony of her mother who had testified that defendant, her husband, never said that if she took Tina to a doctor he would leave. He relies on *Hicks v. Hicks*, 271 N.C. 204, 155 S.E. 2d 799 (1967). *Hicks* was a civil case and the holding of the

court therein is not applicable to the case *sub judice*. N.C. Gen. Stat. § 8-57 specifically provides that the privilege does not apply with regard to any criminal offense against a minor child. The privilege is waived in criminal cases where the conversation is overheard by a third person. *State v. Freeman*, 197 N.C. 376, 48 S.E. 450 (1929). Moreover, the privilege was waived where the wife testified to the conversation, without objection. Defendant's argument is unavailing and his assignment of error is overruled.

Defendant filed a motion for appropriate relief after judgment was entered. The motion was denied at a post-trial hearing by Allsbrook, Judge. In his ruling we find no error.

We have carefully reviewed defendant's remaining assignments of error and find them to be without merit and they are overruled.

On the charge of second degree rape the appeal is dismissed.

On the charge of incest we find no prejudicial error.

No error.

Judges HEDRICK and WELLS concur.